UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH COOPER,<br><br>  Plaintiff,<br><br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No. 5:23-cv-03969 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

  Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the City and County of San Francisco and Sheriff Deputy Khorge. Dkt. No. 6 at 2. Then over a month later, Plaintiff then filed a document which was construed as an amended complaint. Dkt. No. 10. Plaintiff's motion for leave to proceed in forma pauperis was granted. Dkt. No. 11. This matter was reassigned to the undersigned on December 22, 2023. Dkt. No. 15.

**DISCUSSION**

**A. Standard of Review**

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on June 30, 2023, he was ordered by a "San Francisco Sheriff deputy" to carry a "portable" telephone upstairs. Dkt. No. 6 at 2. Plaintiff fell, causing the telephone to land on himself. Id. at 3. Plaintiff claims that Deputy Khorge did not call for medical assistance. Id. Plaintiff claims that his leg was injured during the incident, and that he has "pain in my body with blood come out" when he uses the bathroom. Plaintiff alleges the telephone weighed 200 pounds. Id. Plaintiff seeks damages. Id. In the subsequent filing, Plaintiff provides a copy of his grievance and a "health authorization." Dkt. No. 10-1 at 1-3. Accordingly, the document which was docketed as an "amended complaint" was not intended to supersede the original but rather to provide supplemental material.

Prisoners have a right under the Eighth Amendment to be free from exposure to unsafe conditions and from deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further

significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

The allegations in the complaint are insufficient to proceed with any Eighth Amendment claim. First of all, Plaintiff's allegation that he was ordered to carry a 200-pound portable telephone upstairs, liberally construed, implicates Plaintiff's Eighth Amendment right to be protected from unsafe conditions. Ordering an inmate to carry a 200-pound item upstairs by himself is objectively an unsafe condition. However, the allegations are insufficient to proceed on this claim because Plaintiff fails to name the individual who exposed him to this unsafe condition, having only identified him as a "San Francisco Sheriff deputy". See supra at 2. Secondly, Plaintiff must allege sufficient facts to satisfy the second subjective element, *i.e.*, that this individual knew of and disregarded an excessive risk to Plaintiff and failed to take reasonable steps to abate it.

Plaintiff also attempts to allege that Defendant Khorge was deliberately indifferent to his medical needs. However, he also fails to allege that Defendant Khorge was aware of the serious risk of harm to Plaintiff if he did not call for medical attention and that he disregarded that risk by failing to do so. If Defendant Khorge was not aware of any harm to Plaintiff at the time, then he did not violate Plaintiff's Eighth Amendment right, no matter how great the risk. See Gibson, 290 F.3d at 1188.

Plaintiff also names the City and County of San Francisco as a defendant but makes no allegation of wrongdoing against them. Dkt. No. 6 at 2-3. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional

tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). Nowhere in the complaint does Plaintiff allege that an official policy or custom caused a constitutional tort. Accordingly, unless Plaintiff is able to state a Monell claim against the City and County of San Francisco, this defendant must be dismissed from this action.

      Plaintiff shall be granted leave to amend to attempt to correct the deficiencies discussed above. In preparing an amended complaint, Plaintiff should keep the following legal principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-03969 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.

See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

4. The Clerk shall correct Docket No. 10 to indicate that it is a "SUPPLEMENT TO COMPLAINT" rather than an amended complaint.

**IT IS SO ORDERED.**

Dated: January 24, 2024

EDWARD J. DAVILA
United States District Judge