UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 23-cv-03969 EJD (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the City and County of San Francisco and Sheriff Deputy Khorge. Dkt. No. 6 at 2. On January 26, 2024, the Court dismissed the complaint with leave to amend, for Plaintiff to attempt to correct various deficiencies. Dkt. No. 17. Plaintiff filed an amended complaint. Dkt. No. 18.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.       Plaintiff's Claims**

In the original complaint, Plaintiff alleged that on June 30, 2023, he was ordered by a "San Francisco Sheriff deputy" to carry a 200 pound "portable" telephone upstairs.  Dkt. No. 6 at 2.  Plaintiff fell, causing the telephone to land on himself.  Id. at 3.  Plaintiff claimed that Deputy Khorge did not call for medical assistance.  Id.  Plaintiff claimed that his leg was injured during the incident, and that he has "pain in my body with blood come out" when he uses the bathroom.  Id.  Plaintiff seeks damages.  Id.  In a subsequent filing, Plaintiff provided a copy of his grievance and a "health authorization," Dkt. No. 10-1 at 1-3, which was construed as a supplement to the complaint.  The original complaint was dismissed to identify the specific deputy who was responsible for making Plaintiff carry the telephone upstairs, and to attempt to state sufficient facts to state a claim against Defendants Khorge and the City and County of San Francisco.  Dkt. No. 17.

In the amended complaint, Plaintiff alleges that Defendant Khorge was the deputy who ordered him to carry the telephone up the stairs, knowing that Plaintiff could get hurt by doing so.  Dkt. No. 18 at 4.  Liberally construed, these allegations are sufficient to state an Eighth Amendment claim based on the exposure to unsafe conditions against Defendant Khorge.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  However, the Court notes that the amended complaint fails to include the date of the incident, June 30, 2023, nor any description of Plaintiff's injuries.  Accordingly, in the interest of justice, the Court will deem this recent filing as another supplemental complaint rather than directing Plaintiff to file another amended complaint.  The complaint in this action shall be comprised of the documents filed under Docket Nos. 6, 10, and 18.

Plaintiff again names the City and County of San Francisco as a defendant but makes no allegation of wrongdoing against them. Dkt. No. 18 at 1, 4. Accordingly, this defendant must be dismissed from this action.

## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. The Clerk shall terminate the "City and County of San Francisco" as a party to this action as Plaintiff fails to state a claim for relief against this defendant.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and supplements thereto, (Dkt. Nos. 6, 10, and 18), and all attachments thereto, and a copy of this order upon Defendant Deputy Khorge at the San Francisco County Sheriff's Department via the **Office of Chief Legal Counsel for Sheriff's Dept**. (Sheriff's Dept., Room 456, One Dr. Carlton B. Goodlett Place, San Francisco, CA 94102, Attn. Mark Nicco). The Clerk shall also mail a copy of this order to Plaintiff.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. The Clerk shall correct Docket No. 18 to indicate that it is a "SECOND SUPPLEMENT TO COMPLAINT" rather than an amended complaint.

**IT IS SO ORDERED.**

**Dated:** June 24, 2024

EDWARD J. DAVILA
United States District Judge